# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 10-CR-163-001-CVE |
| ROGER EUGENE MEDFORD, | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is defendant's unopposed motion to modify conditions of release (Dkt. # 21). Defendant requests that the Court eliminate Special Condition Number 3 (the "Special Sex Offender Conditions") and Special Condition Number 4 (the "Special Computer Restriction Conditions").

On February 8, 2011, defendant was sentenced to a six-month term of imprisonment following his plea of guilty to the crime of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). The Court ordered various special conditions of supervised release, to include special sex offender conditions, which require testing and treatment on a schedule determined by the probation officer, provide for computer restrictions and monitoring,[1] prohibit the possession of sexually explicit materials, and limit certain occupations and association with persons under the age of 18.

Defendant moves to strike the special sex offender and special computer restriction

---

[1] Imposition of Condition Number 4 – the "Special Computer Restriction Conditions" is redundant, as Special Sex Offender Condition Number 5 requires the defendant to ". . . abide by the 'Special Computer Restriction and Monitoring Conditions.'"

conditions, arguing: 1) defendant's original conviction for a sex offense – the substantive offense requiring him to register as a sex offender – occurred in July 2003; 2) each nonmandatory condition must be reasonably related to the factors in 18 U.S.C. §§ 3553(a)(1), (2)(B), (a)(2)(C), and (a)(2)(D), involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D), and be consistent with pertinent policy statements of the sentencing Commission; 3) no reasons exist for concluding that the sex offender conditions meet any of the above criteria in this case as the defendant's prior sexual offense is more than eight years old and the instant offense is not sexual in nature; 4) the conditions should not be imposed because there is no reason to believe that the defendant is in need of psychological or psychiatric treatment or that such treatment would be helpful; 5) the prohibition on possession of sexually explicit material is unwarranted and carries First Amendment implications; and 6) the computer restriction conditions bear no connection to the prior or current conviction.

In July 2003 defendant was convicted of carnal knowledge and sodomy with a child under the age of 16 years. The victim, a thirteen-year-old female, was visiting her uncle at the U.S. Army Base in Fort Campbell, Kentucky, where defendant was stationed. Defendant asked the minor to accompany him to his barracks, where the two engaged in consensual oral and vaginal sex (PSR, ¶ 22). Defendant was required by law to register as a sex offender and failed to do so. In February 2011, nearly eight years removed from the substantive sex offense, defendant was sentenced for the § 2250 violation of failure to register. Prior to sentencing, defendant was provided notice that the special sex offender and computer restriction conditions may be imposed (PSR, ¶ 40). Accordingly, defendant was afforded proper presentence notice that these or similar conditions may be ordered by the Court. See United States v. Bartsma, 198 F.3d 1191, 1210 (10th Cir. 1999). Defendant filed

2

a motion for a sentencing variance (Dkt. # 15), but he did not file a sentencing memorandum objecting to the inclusion of sex offender conditions as part of his supervised release. A district judge may impose sex offender conditions where the underlying offense was not a sex crime, provided the condition satisfies both § 3583(d)(1) (requiring reasonable relationship to the § 3553 factors) and § 3583(d)(2) (involve no greater deprivation of liberty than necessary). See United States v. Hahn, 551 F.3d 977 (10th Cir. 2008). Further, every Circuit to have decided the issue has held that a condition of supervised release may be imposed despite not being related to every enumerated factor, so long as it is reasonably related to one or more of the factors. Hahn at 984. Although the sex offender conditions are unrelated to the instant conviction, given defendant's conviction for engaging in sex acts with a minor, the conditions do relate to his history and characteristics. There is no doubt the conditions are reasonably related to the need "to protect the public from further crimes of the defendant," "afford adequate deterrence to criminal conduct," and "provide defendant with needed . . . correctional treatment." 18 U.S.C. §§ 3553(a)(2)(B), (C), and (D). See also United States v. King, 431 Fed.Appx. 630, 2011 WL 2199348 (10th Cir. June 7, 2011) (Unpublished) (upholding imposition of sex offender conditions for defendant convicted of failure to register as sex offender). Defendant's arguments, that there is no reason to believe he is in need of psychological or psychiatric treatment and the prohibition on possession of sexually explicit material and computer restrictions is unwarranted, are without merit. These conditions are established conditions designed to contain and treat sex offenders, and detect misconduct. The conditions fit squarely within recommended special conditions and supervision protocol for sex offenders established by Administrative Office of the United States Courts and endorsed by the Criminal Law Committee. See Sex Offender Management Procedures Manual, Guide, Vol. 8, Part

3

I, May 9, 2011. The conditions comport with 18 U.S.C. § 3583(d) and are reasonably related to the purposes of sentencing described in 18 U.S.C. §§ 3553(a)(2)(B), (C), and (D).

Since defendant's release on supervised release in August 2011, he has undergone a psychosexual evaluation which suggests he holds a sexual interest in Caucasian adults and adolescent females, but no interest in children under the age of fourteen. Testing revealed a low to moderate risk for sexual recidivism, with counseling recommended. Defendant has failed to attend all treatment sessions and failed to participate in a polygraph examination scheduled for November 27, 2011. Offenders required to register under SORNA, as this defendant is, should be required to participate in polygraph examinations as part of the containment model of supervision. The examination is used to provide historical information, which is used for assessing risks, targeting treatment interventions and increase disclosure of activities, which may serve as a deterrent to reoffending. See Sex Offender Management Procedures Manual, §§ 7.20.10c, 7.75.20; see also United States v. Begay, 631 F.3d 1168 (10th Cir. 2011) (held that polygraph testing may encourage offender to be truthful with his probation officer and could alert potential violations). The polygraph examination is viewed as an integral component to sex offender risk assessment and compliance. On the assessment side, a historical polygraph examination can be useful in assessing the need to initially implement or continue treatment and monitoring conditions. Another factor bearing on this Court's reluctance to abandon sex offender conditions is the fact defendant has failed to undergo a polygraph examination as ordered by the probation office. The test may confirm defendant has not engaged in sexually deviant behavior since the 2003 substantive sex offense, information useful in assessing the need for continued sex offender conditions.

The one issue raised by defendant that may have merit is the matter of temporal proximity.

It is clear that the passage of time with no further deviant behavior diminishes the need for sex offender conditions.  See United States v. Scott, 270 F.3d 632 (8th Cir.2001) (vacating sex offender conditions where sex offense was fifteen years old and instant offense involved unrelated conduct); United States v. Kent, 209 F.3d 1073 (8th Cir.2000) (vacating special condition requiring mental health counseling where abuse occurred thirteen years before hearing and instant offense involved unrelated conduct); see also United States v. Carter, 463 F.3d 526 (6th Cir.2006) (vacating special condition requiring participation in sex offender treatment program where sex offense was seventeen years old and recent stalking conviction not clearly sexual in nature).  Eight years have passed since defendant's sex offense conviction, but the Court finds that defendant's conviction for failing to register as a sex offender is not so far removed in time from his sex offense conviction that the need for sex offender conditions has diminished.  Unlike the lengthy period of times in Scott, Kent, and Carter, eight years is not such a significant period of time and there is a need to protect the public from further crimes of the defendant given the nature of his prior offense.  There is a reasonable relationship between the defendant's past conduct and the need for sex offender conditions, and the conditions imposed are proper and represent no greater deprivation of liberty than necessary.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Modify Conditions of Supervised Release (Dkt. # 21) is **granted in part** and **denied in part** as stated below.

**IT IS FURTHER ORDERED** that the "special computer restriction conditions," as set out in the judgment (Dkt. # 19) as special condition of supervision number 4, are redundant of special condition of release number 3 and hereby **stricken**.

**IT IS FURTHER ORDERED** that the "special sex offender conditions," as set out in the judgment (Dkt. # 19) as special condition of release number 3, shall remain in effect.  However, the

5

Court will, upon successful participation in sex offender treatment and return of a clear polygraph examination, reconsider defendant's request for modification of conditions of release.

**IT IS FURTHER ORDERED** that all other terms and provisions of the judgment are unchanged and will remain the same as originally entered.

**DATED** this 12th day of December 2011.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT